# FORFEITURE ADDENDUM TO PLEA AGREEMENT

# UNITED STATES v. ISMAEL ZAMBADA-IMPERIAL

# Criminal Case No. 14-cr-00658-DMS

FILED
APR 30 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

Defendant understands and agrees that this forfeiture addendum to the plea agreement will be filed with the Court at the same time as the filing of the main plea agreement. The Court at the time of the Fed. R. Crim. P. Rule 11 plea colloquy will have both the main plea agreement and this addendum before the Court, and any reference during the hearing to the "plea agreement" will be understood to be a reference to the main plea agreement together with this addendum. Both parties will insure that the Court is aware of and is considering both the plea agreement and this addendum at the Rule 11 hearing. If this issue is not raised by either party at the Rule 11 hearing, any objection relating to that issue will be considered waived.

I, the Defendant, certify that I have read the preceding paragraph (or it has been read to me in my native language), and that I have discussed it with my counsel and fully understand its meaning and effect. I am satisfied with counsel's representation.

04/27/2021
Date

ISMAEL ZAMBADA-IMPERIAL
Defendant

**Acknowledgement by Defense Counsel:**

04/27/2021
Date

SAJI VETTIYIL
Defense Counsel

A. <u>Penalty.</u>

In addition to the penalties set forth in the plea agreement, Defendant understands and agrees that forfeiture of property to the United States is a mandatory penalty for the offenses to which he is pleading guilty. Federal law provides for forfeiture to the United States of all proceeds Defendant obtained directly or indirectly from the drug offenses in violation of Title 21, United States Code. Defendant agrees and understands that forfeiture is a mandatory part of his sentence.

B. <u>Property Subject to Forfeiture</u>.

In addition to pleading guilty to a Superseding Indictment charging Defendant in Counts 2-3 with International Conspiracy to Distribute Controlled Substances and Conspiracy to Import Controlled Substances, as set forth in Section I of the main agreement, Defendant agrees to pay to the United States and forfeit Five Million U.S. Dollars ($5,000,000), which shall be included in the judgment in this case.

C. <u>Bases of Forfeiture.</u>

Defendant acknowledges that the forfeiture in the amount of $5,000,000 U.S. Dollars against him represents the moneys subject to forfeiture to the United States as proceeds of illegal conduct in violation of Title 21, United States Code, Section 853 and subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982.

D. <u>Immediate Entry of an Order of Forfeiture</u>.

Defendant consents and agrees to the immediate entry of an order of forfeiture upon entry of the guilty plea. The Defendant agrees that he shall pay this order of forfeiture as follows: the Defendant shall submit a cashier's check payable to "United States Marshals Service" in the amount of Five Million U.S. Dollars ($5,000,000.00) on or before the date of sentencing. Defendant further agrees that upon entry of the order of forfeiture and timely payment of the $5,000,000, such order will be considered final as to defendant's interests. Defendant warrants and represents as a material fact that the $5,000,000 used to pay the forfeiture is in fact proceeds of the offenses to which he is/has pleading guilty, is solely his property, and that no other person or entity has any claim or interest in the same. Defendant

agrees to immediately withdraw any claims to property directly or indirectly related to the criminal conduct seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property seized in connection with this case. Defendant further agrees that the forfeiture judgment imposed by the Court will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture.

E. <u>Entry of Orders of Forfeiture and Waiver of Notice</u>.

Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea.

F. <u>Waiver of Constitutional and Statutory Challenges</u>.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

G. <u>Agreement Survives Defendant; No Forfeiture Abatement</u>.

Defendant agrees that the forfeiture provisions of this plea agreement are intended

Def. Initials *IZI*

to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money amount, is collected in full.

H.   Substitute Assets/Collection of Forfeiture.

Defendant acknowledges and agrees that the forfeiture in this case includes entry of a forfeiture judgment for all proceeds of the offense he received. Interest shall accrue on the forfeiture from the date of entry of the Order of Forfeiture and shall accrue thereon in accordance with 18 U.S.C. §3612(f) and 28 U.S.C. §1961. The Defendant agrees that the conditions for collection of the forfeiture against any and all other assets and properties under Title 21, U.S.C., Sec. 853(p) exist. The Defendant agrees the United States may take any and all actions available to it to collect the full amount of the forfeiture, including, but not limited to enforcement of the judgment against substitute assets as provided in Title 21, U.S.C. §853(p) and actions available under the Federal Debt Collections Procedure Act.

The Defendant understands that the main plea agreement and this addendum embody the entire plea agreement between the parties and supersedes any other plea agreement, written or oral.

04/27/2021
Date

ISMAEL ZAMBADA-IMPERIAL
Defendant

**Acknowledgement by Counsel:**

04/27/2021
Date

SAJI VETTIYIL
Defense Counsel

4/28/2021
Date

MATTHEW J. SUTTON
Assistant United States Attorney

4

Def. Initials IZI